74800. JACKSON v. THE STATE.
(359 SE2d 457)

DEEN, Presiding Judge.

On May 31, 1986, a Troup County deputy sheriff arrested the

appellant, Charles Jackson, for driving under the influence and driving without a license in Earl Cook Park. At the subsequent trial, the arresting officer testified that the Earl Cook Park was federal property, managed by the U. S. Army Corp of Engineers. The Sheriff's Department had contracted with the Corp of Engineers to patrol the park areas. Following his conviction on both charges, Jackson appeals on the basis that the state court was without jurisdiction because the alleged offenses occurred on federal property.

Under OCGA § 50-2-23, the state retains criminal jurisdiction over persons for state offenses committed on property that has been acquired by the United States, except for property used by the Department of Defense and by the Department of Justice. Even where the latter type of federal property is involved, the state retains jurisdiction unless the criminal defendant shows that the United States has accepted such jurisdiction by its filing a notice with the governor of the state in which the land is situated. *Dobbins v. State*, 114 Ga. App. 403 (151 SE2d 549) (1966). Assuming that Earl Cook Park is federal property used by the Department of Defense, since Jackson failed to make the requisite showing of federal acceptance of criminal jurisdiction, the trial court properly declined to dismiss the prosecution.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JULY 8, 1987.

*Michael P. Katz*, for appellant.
*Robert B. Whatley, Solicitor*, for appellee.