## 45199. WILLIAMS v. THE STATE.
### (365 SE2d 408)

HUNT, Justice.

Eric Williams was convicted by a jury of the murder of Tracy Smith, carrying a pistol without a license, and carrying a concealed weapon.[1] He was sentenced to a life term for murder and two 12-month sentences to be served concurrently for the other offenses. He appeals, raising the validity of his arrest, the admissibility of certain evidence, and the trial court's denial of his motion under *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986).

The evidence showed that the defendant and his victim were mutually involved in the acquisition of drugs and had previously fought over drug-related money. They were seeking drugs when the defendant shot and killed the victim. The defendant showed the victim's body to several witnesses and laughed and bragged about killing him. The murder weapon was retrieved from the victim's trailer. At trial, the defendant claimed he acted in self-defense during another argument.

We have reviewed the evidence in the light most favorable to the jury's determination, and we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. The defendant contends there was insufficient evidence of probable cause for his arrest and, therefore, that evidence obtained as a result of that arrest should have been suppressed. A police investigator testified that he arrested the defendant after a reliable informant told him that the defendant had killed the victim and that the defendant had shown the informant the body shortly after the murder. Moreover, prior to his arrest, the defendant admitted to the investigator that he knew where the murder weapon was. Thus, probable cause existed for the defendant's arrest, see generally *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118) (1987), and the trial court properly denied the defendant's motion to suppress.

2. The defendant next contends that certain evidence — a gold chain and pendant identified as belonging to the victim — should have been excluded because they were obtained without a search warrant. These items were recovered by police authorities at their request from the youth detention center to which the defendant had been transferred, and where the items in question had been inventoried. Police officers had previously observed the chain and pendant on the

---

[1] The shooting and death of Tracy Smith occurred on April 11, 1986. The defendant was indicted on April 7, 1987 and tried on August 4, 5, and 6, 1987. He filed his notice of appeal on August 25, 1987. The appeal was docketed in this court on November 16, 1987 and orally argued on January 9, 1987.

defendant's person at the time of his arrest. Under *United States v. Edwards*, 415 U. S. 800 (94 SC 1234, 39 LE2d 771) (1974), no warrant was required for the subsequent search and seizure of these items, and this enumeration is without merit. See also *Eberhart v. State*, 257 Ga. 600, 602 (2) (361 SE2d 821) (1987).

3. In his third enumeration, the defendant contends the state's use of peremptory challenges was discriminatory in violation of the Fourteenth Amendment. *Batson v. Kentucky*, supra. The state used six of its ten peremptory challenges to strike six of the ten prospective jurors who were black. Four blacks were on the jury which was ultimately selected. Thus, the proportion of blacks on the selected jury (one-third) was greater than the proportion of blacks on the panel (one-fourth). The trial court ruled that the defendant, relying solely on the foregoing facts, did not make a prima facie showing of discrimination. Nevertheless, the trial court required the state to give its reasons for each of the peremptory challenges used to strike blacks from the jury, and found that the reasons given were nondiscriminatory. The trial court correctly ruled that no prima facie showing of discrimination was established. See *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). Compare *Gamble v. State*, 257 Ga. 325, 326 (3) (357 SE2d 792) (1987). Accordingly, we need not review the trial court's findings with regard to the state's reasons for exercising its peremptory challenges.[2]

4. We find no merit to the defendant's remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 1988.

*Lee Payne*, for appellant.

*John M. Ott, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.

---

[2] We commend and endorse the procedure followed by the trial court, following its ruling that the defendant had not made a prima facie case of discrimination, (1) requiring the state to give its reasons for exercising its peremptory challenges of prospective black jurors, and (2) finding whether those reasons were racially motivated. By this practice, if the trial court's determination that the defendant has not made a prima facie case is not upheld, the record will nevertheless be complete for further review of the defendant's *Batson* claim.