## 75824. HARRIS v. THE STATE.
(368 SE2d 527)

SOGNIER, Judge.

Appellant was convicted of robbery by intimidation and he appeals.

1. Appellant contends the trial court erred by denying his plea in bar of prosecution. The robbery in this case occurred in the United

States Post Office in Zebulon, Georgia. Appellant's plea in bar was based on his contention that the federal government had exclusive jurisdiction over the offense since it occurred on federal property. This contention is without merit.

OCGA § 50-2-22 gives the consent of the State of Georgia to the acquisition by the United States of any lands in the state which have been, or may be, acquired for sites for post offices. OCGA § 50-2-23 provides, in pertinent part: "Exclusive jurisdiction in and over any *lands* acquired by the United States as provided in Code Section 50-2-22 is ceded to the United States for all purposes except service upon such lands of all civil and criminal process of the courts of this state; . . . *The state retains its . . . criminal jurisdiction over persons and citizens in the ceded territory*, as over other persons and citizens in this state . . ." (Emphasis supplied.) We have held that under the quoted code section, the state retains criminal jurisdiction over persons for state offenses committed on property that has been acquired by the United States, with certain exceptions not applicable here. *Jackson v. State*, 183 Ga. App. 594, 595 (359 SE2d 457) (1987). Accordingly, it was not error to deny appellant's plea in bar of prosecution.

2. Appellant alleges error by the trial court in denying his motion challenging the State's use of peremptory challenges in a racially discriminatory manner. When such a claim is made the defendant has the burden to complete the record with information revealing the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury. *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). This information was presented in this case, showing that eight of forty prospective jurors, or twenty percent, were black. Five black jurors and four white jurors were struck by the State through the use of peremptory challenges and the jury impanelled was composed of three black jurors and nine white jurors. Thus, twenty-five percent of the jury that tried appellant was black. Since the percentage of blacks on the jury was, as a result of the use of peremptory strikes, higher than that of the panel from which they were chosen, appellant did not show a prima facie case of discrimination. Id.

3. Appellant contends the trial court erred by denying his motion for a new trial. However, he has presented no argument and cited no authority in his brief in support of this enumeration of error. Hence, it is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 4, 1988.

*Walker L. Chandler*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.