## 77687. STEWART v. THE STATE.
### (378 SE2d 387)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the offense of selling cocaine in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. After voir dire but before the jury was sworn, appellant, relying upon *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), moved for disqualification of the jury based upon the prosecuting attorney's use of peremptory challenges against black prospective jurors. Appellant enumerates the trial court's denial of his *Batson* motion as error.

Although the record in this case is somewhat confusing and incomplete, it does indicate that ten of the forty prospective jurors, or twenty-five percent of the panel, were black. Of the twelve jurors who tried appellant's case three, or twenty-five percent, were black. Hence, after the jury selection had ended, the percentage of blacks on the jury was the same as the percentage of blacks on the panel. Accordingly, appellant failed even to make a prima facie showing of discrimination. See generally *Williams v. State,* 258 Ga. 80, 81 (3) (365 SE2d 408) (1988); *Aldridge v. State,* 258 Ga. 75, 76 (4) (365 SE2d 111) (1988); *Harris v. State,* 186 Ga. App. 756, 757 (2) (368 SE2d 527) (1988); *United States v. Sangineto-Miranda,* ___ F2d ___ (6th Cir. 1988).

Moreover, even assuming that appellant did meet his initial burden, the record reveals that the explanations which were offered by the prosecuting attorney for his use of peremptory strikes against black potential jurors were sufficiently racially neutral so as to rebut the prima facie showing. See generally *Bess v. State,* 187 Ga. App. 185 (369 SE2d 784) (1988). Accordingly, the trial court correctly denied appellant's *Batson* motion.

2. The trial court, over appellant's chain of custody objection, admitted into evidence a plastic bag containing cocaine. Appellant enumerates this evidentiary ruling as error.

A review of the record shows sufficient evidence to establish with reasonable assurance that the cocaine admitted into evidence was the

same substance that the undercover agent had purchased from appellant and that there had been no tampering. The trial court properly admitted the cocaine into evidence over appellant's chain of custody objection. See *Williams v. State*, 153 Ga. App. 421, 422 (3) (265 SE2d 341) (1980); *Usher v. State*, 148 Ga. App. 719, 720 (2) (252 SE2d 677) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 3, 1989.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney*, for appellee.