A89A0614. ROBERSON v. THE STATE.
(381 SE2d 408)

DEEN, Presiding Judge.

On September 6, 1987, after leaving the Carousel Lounge, as he was attempting to enter his car the victim was knocked out by the appellant and placed in the car's trunk. The appellant drove the car to a secluded area, struck the victim again, and tied his hands and legs before deserting him in the woods and taking his car. The victim eventually freed himself and contacted the police. The appellant was apprehended a few days later after using the victim's credit card.

At trial the appellant testified that he and the victim were engaged in illegal drug transactions together. He also explained that he "was able to capture the minds of people when [he] performed and [he] had a lot of people that admired [him] because of [his] dancing talents" and his ability to carouse around, and that the victim was one of his many admirers. On the night of the incident, the appellant and the victim smoked marijuana together, drove around, and went to the Say Hey Club, where the appellant dazzled the crowd with his moves. Later on he and the victim engaged in oral sodomy, and the victim tried to entice him to perform anal sodomy. The appellant admitted to striking the victim following this proposition, leaving him stranded in the country, and taking his car.

The notice of appeal filed in this case indicates that "[t]he offense for which defendant was convicted is armed robbery (one count), kidnapping (one count), and possession of a firearm during the commission of a crime (one count)." The appellant's brief correctly notes that while the appellant was charged with the above offenses, he was convicted only of robbery by intimidation. This brief's

sole enumeration of error concerns a photographic identification of the appellant, but the argument, which is unsupported by any citation of authority, addresses only the sufficiency of the evidence.

1. By failing to argue and cite any authority concerning the issue raised in the enumeration of error, the appellant has abandoned that enumeration. *Harris v. State*, 186 Ga. App. 756 (368 SE2d 527) (1988). Nevertheless, we have reviewed the evidence and find it sufficient to authorize a rational trier of fact to find the appellant guilty of robbery by intimidation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State's motion to dismiss the appeal, because of the appellant's failure to file a brief and enumeration of error timely, is denied.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*Linnie L. Darden III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.