A90A0052. SOLOMON v. THE STATE.
(395 SE2d 335)

POPE, Judge.

Jerrell Solomon appeals from his conviction of the armed robbery and kidnapping with bodily injury of Thomas Cliett on October 15, 1988, and the attempted armed robbery of John Clark on October 21, 1988.

1. Defendant contends that his conviction must be reversed because the State systematically excluded blacks from the jury based solely on their race by the unlawful exercise of its peremptory strikes without a neutral explanation, in contravention of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). In order to make a *Batson* challenge, after showing membership in a racially cog-

nizable group and that the prosecution used peremptory strikes to remove persons of his race from the jury, "the defendant is burdened with showing that these facts and other relevant circumstances raise an inference of the prosecution's racial motive in the use of peremptory strikes. From this exercise the court decides whether there is a prima facie case of discrimination." *Aldridge v. State*, 258 Ga. 75, 77 (4) (365 SE2d 111) (1988).

In the instant case the jury panel was 52 percent black, which generally reflected the racial composition of Peach County. Defendant used eighteen peremptory strikes of white veniremen and the State struck eight blacks from the panel, resulting in a trial jury of ten black jurors and one black alternate and two white jurors with no white alternates, or an 85 percent black jury. The trial judge expressed the opinion that defendant had not established a prima facie case of discrimination, but nevertheless required the State to explain its strikes. We agree with the trial court that no prima facie case was made and, accordingly, we need not review the findings in regard to the State's reasons for exercising its peremptory challenges. See *Williams v. State*, 258 Ga. 80 (3) (365 SE2d 408) (1988). Accord *Ware v. State*, 191 Ga. App. 896 (1) (383 SE2d 368) (1989); *Barnett v. State*, 191 Ga. App. 552 (1) (382 SE2d 620) (1989); *Stewart v. State*, 190 Ga. App. 162 (1) (378 SE2d 387) (1989).

2. Defendant asserts that the counts of the indictment charging him with the armed robbery and kidnapping with bodily injury of Thomas Cliett merged because the crimes occurred simultaneously and the shooting of Cliett was used to effect both crimes. We do not agree. These offenses did not merge as a matter of fact or law.

Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all the facts used to prove the other. Cliett testified that defendant asked him for a ride and, as they approached their destination, drew a pistol and ordered him to drive towards a secluded peach orchard. When they got there, defendant ordered him to stop and at gun point demanded all his money. Since the use of a weapon is not an element of the offense of kidnapping, the proof of simple kidnapping was complete when defendant forced Cliett to drive away from his intended destination against his will. It was not until after Cliett handed defendant the money that defendant shot him in the leg. Thus the crime of armed robbery was also complete before defendant shot Cliett. This additional, gratuitous violence followed, and was not an element of, the already completed act of armed robbery. Compare *Smith v. State*, 193 Ga. App. 208 (1) (387 SE2d 419) (1989). The shooting was the bodily injury which aggravated the already completed simple kidnapping. The evidence of neither offense being necessary to prove the other, there was no merger. See *Keaton v. State*,

193 Ga. App. 603 (388 SE2d 737) (1989). See also *Jimmerson v. State,* 190 Ga. App. 759 (4) (380 SE2d 65) (1989).

3. Defendant enumerates as his final error the insufficiency of the evidence. Both victims testified in detail about the crimes committed against them by defendant just a few days apart. Defendant's version of what occurred was in dispute. "Although there were sharp differences between the testimonies of [defendant] and [the victims], '(t)he jury apparently chose to disbelieve [defendant] after weighing (his) credibility, and it was within its province to do so. (Cit.)' [Cit.]" *Walker v. State,* 193 Ga. App. 446, 447 (388 SE2d 44) (1989). The evidence was more than sufficient to authorize a rational trier of fact to find defendant guilty of all three offenses under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 12, 1990.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.