## A90A1927. KELLEY v. THE STATE.
(403 SE2d 246)

POPE, Judge.
Defendant Calvin Lamar Kelley was convicted of trafficking in cocaine and appeals. We affirm.

Construed so as to support the verdict, the evidence adduced at trial shows the following: On April 3, 1987, local and state law enforcement officials conducted a search of the mobile home where defendant and his wife lived. The search was conducted pursuant to a warrant. Defendant, who was asleep in a back bedroom at the time officers entered the mobile home, was the only occupant present at the time the search was conducted. A substance subsequently identified as 130.9 grams of "crack" cocaine was found in the pillow case of one of the pillows on the bed where defendant was sleeping. Another 19.2 grams of crack cocaine were found in a gauze box on the dresser in the bedroom. Officers found a pair of scales in the living room, and cash totalling $9,000 was found in various places throughout the mobile home. Defendant testified at trial that he had no knowledge that the contraband was in his home.

1. Defendant first contends that the trial court erred by refusing to empanel a new jury because the prosecution failed to give adequate racially-neutral explanations after exercising all of its peremptory challenges to strike blacks from the jury, in contravention of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). "When [a *Batson* challenge] is made the defendant has the burden to complete the record with information revealing the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury. *Aldridge v. State*, 258 Ga. 75[, 77 (4)] (365 SE2d 111) (1988)." *Harris v. State*, 186 Ga. App. 756, 757 (2) (368 SE2d 527) (1988). This the defendant did not do. The record in this case shows only that the

State used seven of its ten peremptory challenges and that it exercised the seven strikes to remove members of defendant's race from the jury. Prior to denying defendant's motion the trial court stated that the jury was "more than evenly divided black and white" and that it was "properly comprised." The State also noted that "the jury is either representative of or has a greater percentage of blacks in the actual jury than what appeared in the jury pool." From the record before us, we have no choice but to conclude that the defendant failed to establish a prima facie showing of discrimination.

Defendant, relying on *Williams v. State*, 258 Ga. 80 (3) (365 SE2d 408) (1988), argues he was not required to establish a prima facie case of discrimination because the trial court in this case proceeded with the second phase of the *Batson* hearing by allowing the State to give its reasons for each of the peremptory strikes. However, the court in *Williams* simply "commended and endorsed" the procedure of requiring the State to give its reasons for exercising its peremptory challenges even in those cases in which the trial court determines that the defendant has not made out a prima facie case of discrimination. Id. at fn. 2. Moreover, contrary to defendant's assertions on appeal, *Williams* clearly stands for the proposition that the appellate courts are not required to review the trial court's findings as to the State's reasons for exercising its peremptory challenges where the defendant has failed to establish a prima facie case of discrimination, such as the case at bar. See also *Solomon v. State*, 195 Ga. App. 882 (1) (395 SE2d 335) (1990). This enumeration is without merit.

2. Defendant next contends the trial court erred in denying his motion for directed verdict of acquittal on the basis that the evidence adduced against him at trial was insufficient to show his knowing actual possession of the contraband.

"Because this case arose prior to March 28, 1988, the effective date of the amendment of OCGA § 16-13-31, it was incumbent upon the State to prove [defendant's] actual possession. See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988); *Coleman v. State*, 189 Ga. App. 366, 368 (7) (375 SE2d 663) (1988). However, the legislature did not intend the phrase actual possession to mean that a person would be holding the contraband in his hand or have it physically on his person. (Cits.) The evidence was sufficient for a rational trier of fact to find [defendant] guilty beyond a reasonable doubt of the crime charged [and thus the trial court did not err in denying defendant's motion for directed verdict of acquittal]. (Cits.)" (Punctuation omitted.) *Allen v. State*, 193 Ga. App. 16, 17 (2) (387 SE2d 11) (1989).

3. Lastly, defendant contends the trial court erred by not charging the jury on simple possession. The record shows that defendant did not submit a written request to charge on simple possession, see *Lovell v. State*, 189 Ga. App. 311 (4) (375 SE2d 658) (1988), but ap-

parently orally requested such a charge during the charge conference, as evidenced by defense counsel's objections following the court's charge to the jury. The transcript shows the trial court, after defining the terms actual and constructive possession, properly charged the jury in this case that defendant could be convicted of trafficking in cocaine only if he was in knowing, actual possession of the contraband; the court specifically charged the jury that defendant could not be guilty of the crime of trafficking in cocaine based on constructive possession of the contraband. Thus, under the charge as given the jury was required to return a verdict of acquittal if it found only constructive possession of the contraband by defendant. Under these circumstances we fail to see how defendant has been harmed by the trial court's failure to give the requested charge and thus find no reversible error under the circumstances of this case.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 1, 1991.

*Michael C. Garrett*, for appellant.
*Michael C. Eubanks, District Attorney, Barbara A. Smith, Richard E. Thomas, Assistant District Attorneys*, for appellee.