A91A0053. HALL v. THE STATE.
(407 SE2d 470)

COOPER, Judge.

Appellant was indicted for one count of possession of cocaine with intent to distribute and one count of misdemeanor possession of marijuana. He was convicted by a jury on both counts and appeals from the denial of his motion for new trial. Appellant's sole enumeration of error is the denial of his motion for directed verdict of acquittal made at the close of the State's case.

The evidence viewed in the light most favorable to the jury verdict reveals that Officer Harrington and three other members of the City of Atlanta Red Dog Anti-Drug Task Force, having received information that illegal drug sales were taking place at a certain apartment, positioned themselves outside the apartment. A female confidential informant, known by one of the officers to be reliable, went to the apartment under surveillance, and when she exited, gave the officers a plastic bag of suspected crack cocaine which she told the officers she had purchased from a man in the apartment. The informant agreed to return to the apartment to purchase another bag of cocaine. The informant went back to the apartment, accompanied by Officer Harrington, who stood behind her out of the view of anyone who opened the door. The informant knocked on the door, and when a man opened the door, the informant said "I need another one" and handed the man a ten dollar bill. When the man reached out to hand the woman what appeared to be a bag of crack cocaine, Officer Harrington pushed the informant out of the way, put his foot in the doorway and tried to grab the man, subsequently identified by Officer Harrington as appellant. As Officer Harrington tried to push his way inside the apartment, appellant's co-defendant, Robert Mann ("Mann"), appeared over the top of appellant and pointed a gun in Officer Harrington's face. Officer Harrington dove to the ground, abandoning his attempt to get inside the apartment. The four officers positioned themselves at the front and rear of the apartment and approximately 15 minutes later, appellant and Mann came out of the apartment and were placed under arrest. Mann stated that it was his

apartment and consented to its search during which, the officers found a mixture of suspected marijuana and cocaine. The white powder contained in both the bag taken from the informant and the mixture found in the apartment was positively identified as cocaine, and the other substance in the mixture was positively identified as marijuana. At trial, the State introduced into evidence the bag of cocaine recovered from the informant when she first came out of the apartment and the mixture of cocaine and marijuana found in the kitchen of Mann's apartment. However, the bag of suspected cocaine which appellant handed to the woman in exchange for $10 was not recovered and consequently not introduced at trial. Officer Harrington testified that the bag which he saw appellant hand the informant appeared similar to the bag which the informant previously purchased at the apartment. Appellant maintained at trial that he was merely a visitor at the apartment and that he was in the bathroom during the time that Officer Harrington was at the door.

"The direction of a verdict of acquittal is proper only where 'there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal.' [Cits.] If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. (Cit.)" *Ross v. State*, 194 Ga. App. 285 (2) (390 SE2d 429) (1990). The officer who accompanied the informant testified that he saw the informant give appellant $10, after which appellant attempted to hand the informant a packet which looked the same as the packet of crack cocaine earlier taken from the informant. Based on the officer's testimony, a rational trier of fact could have found appellant guilty of the offense charged beyond a reasonable doubt; thus, the trial court did not err in denying appellant's motion for directed verdict of acquittal. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Garmon v. State*, 192 Ga. App. 250 (384 SE2d 278) (1989).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991.

*Mary E. Erickson*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Sylvia A. Martin, Assistant District Attorneys*, for appellee.