## A91A0755. WILLIS v. THE STATE.
### (411 SE2d 714)

ANDREWS, Judge.

Willis appeals from a jury conviction of theft by shoplifting and aggravated assault.

Viewing the evidence in the light most favorable to the verdict, *Ridgeway v. State*, 187 Ga. App. 381 (370 SE2d 216) (1988), the facts established that at 8:15 p.m. on December 29, 1989, Willis accompanied by his friend and co-defendant here, Colson, entered a store. While Colson looked at the cordless phone display, Willis attempted to engage the assistance of a nearby clerk. After his apparent attempt at diverting the clerk's attention failed, Willis stood blocking the view of a store surveillance camera, while Colson placed a cordless phone under the large dress she was wearing and held it between her legs.

As shown in the surveillance videotape played at trial, after placing the phone under her dress, Colson and Willis began to leave the store and a store security officer stopped them at the store's exit. The security guard, who had observed the theft, grabbed Colson by the arm in an attempt to restrain her. Willis pulled a knife out of his pocket and threatened to cut the guard if he did not release Colson. A chase to the parking lot ensued, during which the phone fell out of Colson's dress. Willis and Colson ran to a nearby car and drove off.

1. In his first enumeration of error, Willis, who is a young black man, claims that the trial court erred by failing to require the prosecutor to give a non-discriminatory reason for using eight of his ten peremptory jury challenges against young black men.

At the outset, we note that in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the United States Supreme Court held that the discriminatory use of peremptory challenges to exclude members of the defendant's race was a denial of equal protection. Thus, in inquiring into the trial court's alleged failure to comply with *Batson* here, we inquire only as to the alleged racial discrimination in the State's use of its peremptory challenges.

From the record before us, it appears that out of the jury pool of 47 citizens, 17 of the citizens were black and 30 were white. The prosecution struck eight blacks from the pool. The jury selected was comprised of six blacks and six whites, and the alternate juror was black. Evaluating these numbers in percentage terms, the jury panel was 36.2 percent black and the jury selected was 50 percent black.

With these figures before us, the question becomes whether this statistical data raises the inference necessary to dictate a prima facie case of discrimination. Since the record here indicates that after the jury selection had ended, the percentage of blacks on the jury had increased from the number of blacks on the panel, Willis failed to make a prima facie showing of discrimination. See *Williams v. State*, 258 Ga. 80, 81 (3) (365 SE2d 408) (1988); *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). Since there was no prima facie case of discrimination, the trial court did not err in failing to require that the prosecutor provide an explanation for such strikes, see *Stewart v. State*, 190 Ga. App. 162 (1) (378 SE2d 387) (1989).

Willis argues here that he has set forth a prima facie case of discrimination since the percentage of strikes the prosecution exercised against blacks was greater than the percentage of blacks in the community. We find this enumeration without merit without addressing the substance of this argument, since the argument was not raised in the court below and no evidence was presented on this point. See *Aldridge*, supra; *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980).

2. In his second enumeration of error, Willis claims that the trial court erred by not severing the trial of co-defendant Colson, who chose not to testify at the trial. Willis argues that had a separate trial been provided, Colson would have testified and that her testimony would have been exculpatory. From our review of the record, we find no evidence as to what Colson's testimony would have been, nor is there sufficient evidence that she would have testified in a separate trial.

"In order to be entitled to a severance on the ground urged, the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. (Cits.)" *Habersham v. State*, 190 Ga. App. 211, 212 (378 SE2d

489) (1989).

Here, Willis presented no evidence regarding the content of Colson's allegedly exculpatory testimony. He simply concluded that Colson would testify and that her testimony would benefit him. Therefore, Willis' showing was insufficient on all four prongs of the test outlined above, and the trial court's denial of his motion was proper.

3. Finally, Willis argues that the evidence was insufficient to support his conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We have reviewed the evidence, and find it legally sufficient and accordingly find this enumeration without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED NOVEMBER 4, 1991 —

*Sinnreich & Francisco, John R. Francisco*, for appellant.
*Willis B. Sparks III, District Attorney, Edward C. Bresee, Assistant District Attorney*, for appellee.