## A91A1083. LOVELACE v. THE STATE.
### (411 SE2d 770)

Judge Arnold Shulman.

The appellant was tried by a jury and convicted of selling cocaine in violation of the Georgia Controlled Substances Act. She appeals from the judgment of conviction.

1. The appellant, a black woman, complains that the state was improperly allowed to use its peremptory challenges in a racially discriminatory manner, in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The record shows that the panel from which the jury was selected was 45 percent black, and the jury itself was 75 percent black. Based on these statistics, the trial court correctly concluded that the appellant had failed to establish a prima facie showing of discrimination and accordingly did not err in failing to require the state to explain the reasons for each of the peremptory challenges which it used to strike blacks from the jury. Accord *Williams v. State*, 258 Ga. 80 (3) (365 SE2d 408) (1988); *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). See also *Jones v. State*, 196 Ga. App. 877 (1) (397 SE2d 303) (1990).

2. The appellant contends that the contraband which she was convicted of selling should have been suppressed as evidence on the ground that the undercover operation which led to the transaction violated the Posse Comitatus Act, 18 USCA § 1385, which reads as follows: "Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both."

The appellant contends that the Harris County Sheriff's Department violated this prohibition by requesting and utilizing the assistance of the U. S. Army Criminal Investigation Division (the "Army CID") in its undercover operation against drug dealers in Harris County. It was shown that Army CID agents Jolley and Turner were introduced to an informant who had been assisting the sheriff's department and that Turner and the informant, traveling in a vehicle supplied by Jolley, thereafter proceeded together to a location where the informant, in Turner's presence, purchased the cocaine in question from the appellant. The informant then gave the cocaine to Turner, who gave it to Jolley, who turned it over to the sheriff's department the next day.

In a case involving very similar facts, the United States Court of Appeals for the Eleventh Circuit held that such assistance by military investigators did not constitute a violation of the Posse Comitatus Act since it "did not pervade the activities of civilian officials, and did not subject the citizenry to the regulatory exercise of military power."

*United States v. Bacon,* 851 F2d 1312, 1313 (11th Cir. 1988). The Court further held in that case that even if the participation by military personnel in the drug investigation were considered a violation of the Posse Comitatus Act, "it was not a willful violation of the spirit of the Act; nor did it demonstrate any aggravated or repeated instance of violations that would require or even justify the application of the exclusionary rule." Id. Accord *United States v. Wolffs,* 594 F2d 77 (5th Cir. 1979). Applying these principles to the present case, we hold that the trial court correctly denied the appellant's motion to. suppress.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 23, 1991.

*Franklin H. Thornton,* for appellant.
*Douglas C. Pullen, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.