## A92A0060. GOODEN v. THE STATE.
(418 SE2d 632)

Johnson, Judge.

Danny Gooden (Gooden) was convicted of possession of cocaine with intent to distribute and giving a false name. A motion for a new trial was denied, and Gooden appeals.

The state presented the testimony of two agents, one a member of the Macon Police Department, the other employed by the Bibb County Sheriff's Department, who were participating in an undercover operation in Macon on the night of February 12, 1991. According to their testimony, they were driving an unmarked car slowly through an area of the City of Macon, which they described as a "known drug area." Gooden approached the passenger side of the vehicle and asked what they needed. Lieutenant McMullen (McMullen) responded that they wanted "five dimes." During his testimony, Lieutenant Hall explained that "dimes" are rocks of cocaine which sell for $10. Gooden responded that he only had "twenties" and instructed McMullen to pull the car to the side of some apartments. Shortly thereafter, Gooden returned and opened his right hand, showing McMullen two pieces of rock cocaine. McMullen testified that he grabbed Gooden's hand, closing it into a fist holding the cocaine. A scuffle ensued after which Gooden was placed under arrest. After being asked several times, Gooden stated that his name was Cory Mitchell.

Shirley Ann Howard (Howard) testified for the defendant that she and Gooden were walking to the store when the two officers jumped out of their car and, without provocation, threw Gooden to the ground. The State attempted to impeach her testimony by introducing a certified copy of an indictment for possession of cocaine with intent to distribute upon which appeared a signed guilty plea entered by Howard on May 29, 1991. Gooden testified in his own defense. His testimony was consistent with Howard's account of the events. He further testified that he never tried to sell cocaine to the officers, and that he never had any cocaine in his possession.

1. In his first enumeration of error, Gooden claims that the court erred in allowing the State to systematically exclude black people from the jury based solely on race thus denying him equal protection as required by *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). In this case, there were eight black jurors on the panel presented for voir dire. The State struck four blacks and four served on the jury which ultimately convicted Gooden. As pointed out in the State's brief, blacks comprised approximately 19 percent of the panel and 33.3 percent of the actual jury. These percentages are similar to those in *Willis v. State*, 201 Ga. App. 727 (411 SE2d 714) (1991). As this court held in that case: "With these figures before us,

the question becomes whether this statistical data raises the inference necessary to dictate a prima facie case of discrimination. Since the record here indicates that after the jury selection had ended, the percentage of blacks on the jury had increased from the number of blacks on the panel, Willis failed to make a prima facie showing of discrimination." *Willis* at 728. See *Williams v. State*, 258 Ga. 80, 81 (3) (365 SE2d 408) (1988); *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). This issue continues to trouble the courts. Two recent cases have been decided by the Georgia Supreme Court and a third Georgia case remains pending in the U. S. Supreme Court. See *Weems v. State*, 262 Ga. 101 (416 SE2d 84) (1992); *Tharpe v. State*, 262 Ga. 110 (416 SE2d 78) (1992), and *State v. McCollum*, 261 Ga. 473 (405 SE2d 688) (1991). The consideration of percentages is relevant but not determinative. Additionally, the trial court requested that the State proffer explanations for each of the four strikes of black members of the panel. Although the court did not specifically state it on the record, it is clear from a review of the discussion that the explanations given were accepted by the court as being race-neutral. Gooden's reliance on *Hernandez v. New York*, 500 U. S. ___ (111 SC 1859, 114 LE2d 395) (1991) is inapplicable to this case. Accordingly, we find this enumeration of error to be without merit.

2. Gooden contends that the court erred in failing to grant a motion for mistrial after the State had improperly placed Gooden's character in issue. Gooden's brief does not direct us to the point in the transcript about which he is referring in this claim. A careful review of the record, however, indicates that there are two possible points at which it could be alleged that Gooden's character was placed in evidence. Early in the trial, Lieutenant Hall (Hall) testified that the officers considered driving off because Hall recognized Gooden. No motion for mistrial was made at that point. Failure to make a timely motion for mistrial constitutes waiver. See *Williams v. State*, 117 Ga. App. 79 (2) (159 SE2d 454) (1968); *Evans v. State*, 190 Ga. App. 302 (378 SE2d 903) (1989). In connection with the charge of giving a false name, the prosecution was pursuing a line of questioning concerning the name Cory Mitchell, given by Gooden at the time of his arrest. McMullen was asked if he knew at the time of the incident that the name given was not correct. He replied: "I did not at the time, but Lieutenant Hall, he asked what name had he given me because he heard a name, and I stated Cory Mitchell, and he said, 'No, that's not his name. His name is Danny.' And said that we had — I did a vocation on file of him and that we would get it and process it." We believe that this is the testimony which forms the basis of Gooden's enumeration of error regarding introduction of character evidence. At this point in the trial, Gooden's counsel made a motion for mistrial. The court asked defense counsel if he wanted a curative instruction

given to the jury and he declined, fearing it would only serve to draw more attention to the comment.

We find that the remark that there was a vocation (of Gooden) on file, standing alone, is not sufficient to place his character in evidence. Substantially similar testimony has been held not to have placed the defendant's character in issue. For example, the mere reference to the presence of a picture of the defendant in a mug book was held to be insufficient to place character in issue in *McKenzie v. State*, 187 Ga. App. 840, 845-846 (371 SE2d 869) (1988). Similarly, a statement regarding the existence of a set of fingerprints on file did not improperly put the defendant's character in evidence or rise to the level of reversible error. *Weldon v. State*, 175 Ga. App. 172, 173 (333 SE2d 23) (1985). There was no testimony in this case which would link Gooden to any prior criminal cases and/or convictions. The statement that there was a vocation on file does not lead to the inference that Gooden had a criminal record. Finally, there is no suggestion by Gooden, that, if in fact there was an improper introduction of character evidence, that it was prejudicial to Gooden, or that the result of the trial would have differed in any way. Therefore we do not find that the trial court abused its discretion in refusing to grant a mistrial. See *Tyler v. State*, 198 Ga. App. 685 (402 SE2d 780) (1991).

3. Gooden cites a virtual plethora of cases in attempting to support his third enumeration of error, that the trial court erred in admitting a certified copy of a conviction of defense witness, Howard. A witness in a criminal case may be impeached by the introduction of proof that the witness has been convicted of a crime involving moral turpitude. *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986). It is clear that the State was attempting to impeach the testimony of Howard when it produced a certified copy of her conviction on a charge of possession of cocaine with intent to distribute, a felony. The jury received instructions concerning impeachment of witnesses and the effect thereof. Therefore, it was not error for the court to admit into evidence a certified copy of a conviction and allow the jury under proper instructions to give whatever weight and credit to that evidence that it deemed appropriate. *Hall v. State*, 196 Ga. App. 523 (6) (396 SE2d 271) (1990). *O'Toole v. State*, 258 Ga. 614 (4) (373 SE2d 12) (1988).

4. Gooden's final enumeration of error, that the evidence presented at trial was insufficient to warrant a conviction, is without merit. Reviewing the decidedly conflicting evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 24, 1992.

Robert M. Bearden, Jr., for appellant.
Willis B. Sparks III, District Attorney, Elizabeth K. Bobbit, Assistant District Attorney, for appellee.