A93A1066. POWELL v. THE STATE.
A93A1067. SINGLETON v. THE STATE.
(437 SE2d 598)

COOPER, Judge.
Appellants Willie Powell and Richard Singleton were indicted with two co-defendants for the offenses of aggravated assault, kidnapping with bodily injury and robbery by force. The two co-defendants entered guilty pleas and testified against appellants, who were tried together and convicted of kidnapping with bodily injury and robbery

by force. Following the denial of their motions for new trial, appellants appeal from the judgments of conviction and sentences entered on the jury verdict.

The victim, a biscuit maker for a local Arby's restaurant, testified that she arrived for work at approximately 4:30 a.m., and as she unlocked the door, two men grabbed her and dragged her inside the restaurant. The victim was unable to see her attackers' faces but saw that one of the men was wearing camouflage pants and a white shirt and the other was wearing a red shirt and a white hat. The victim testified that the man in the camouflage pants repeatedly hit her in the face while dragging her toward the back of the restaurant. The men left the victim on the floor, and the man in the camouflage pants went to the safe and took the cash drawer. Both men then exited through the back door, and the victim called the police.

Lou Davidson, a musician, had just arrived from Florida and was looking for the club where he was to perform when he saw two black men holding onto a woman in front of an Arby's restaurant. He doubled back and saw the men come out of the restaurant a few minutes later carrying some kind of tray. When the two men got into a car and drove away, Davidson went into the restaurant and discovered the victim bleeding from the head. Davidson told the police that one of the men was wearing camouflage pants and a white shirt and the other was wearing a red t-shirt. Davidson also described the suspect's car as a light brown late model Buick with primer spots on the back and a missing rear window. The police broadcast a lookout for the car and suspects and several minutes later, a car matching the description given by Davidson was stopped by the police. The driver of the car, Powell, was wearing camouflage pants and a white t-shirt with a sailboat design across the front. A male subsequently identified as Singleton was in the back seat wearing a red shirt and blue jeans. The co-defendants were also in the car. A cash drawer was found on the front seat between the driver and passenger. Davidson went to the location where the suspects had been detained and identified both appellants as the men he saw coming from the restaurant. After appellants were read their *Miranda* rights, Powell made several statements without being asked a question. He told the arresting officer that the officer could not prove who did the robbery, and he stated that if he had an Uzi machine gun, he or the officer would be dead. Powell also said that with time off for good behavior he would be back on the street in a couple of years.

Both co-defendants testified that they were with Richard Singleton when Willie Powell approached the three of them about committing a robbery from which they would each receive $1,000. Powell, Singleton and the co-defendants drove in a light brown Buick Regal to an Arby's restaurant. Appellants got out of the car and went to-

ward the restaurant while the co-defendants waited in the car. The co-defendants saw appellants grab a woman at the door to the restaurant and drag her into the restaurant. Powell was seen hitting the woman while he dragged her inside. A few minutes later, appellants came out of the restaurant with a cash drawer. Singleton entered the car through the missing back window, and Powell drove the car away. The cash drawer contained approximately $57.

1. Both appellants contend that the evidence was insufficient to support their convictions because there was a lack of positive identification. Singleton also argues that the trial court erred in denying his motion for directed verdict due to the lack of positive identification. Powell points to the fact that the shirt he was wearing at the time of his arrest had a sailboat design on it and neither of the witnesses mentioned that the shirt had such a design. Also, Powell contends that there was evidence that one of the co-defendants was also wearing camouflage pants and a white or tan t-shirt. " 'The direction of a verdict of acquittal is proper only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal." (Cits.) If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. (Cit.)' [Cit.]" *Hall v. State*, 200 Ga. App. 244, 245 (407 SE2d 470) (1991). The victim described the clothing worn by her attackers, and appellants were wearing clothing matching that description at the time of their arrest shortly thereafter. Davidson also described the clothing worn by appellants and positively identified both appellants at the scene of their arrest. Also, both co-defendants testified about the clothing they were wearing at the time of their arrest and neither testified that they were wearing camouflage pants and a white t-shirt. Viewed in a light to support the verdict, the evidence was sufficient for a rational trier of fact to find appellants guilty beyond a reasonable doubt of the offenses charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants assert error with the following portion of the trial court's charge: "If you do not believe the defendants, or either of them, guilty as charged in the indictment as I have described it to you, or you have a reasonable doubt in your minds as to the defendant's guilt, *or if you do not believe that they were parties to this crime*, then you should acquit the defendants of this crime or such defendant as you find to be not guilty." Appellants argue that the charge, in relevant part, should have read "or if you do not believe that *either or both of them* were parties to this crime or if you have a reasonable doubt of their guilt or the guilt of *either or both. . . .*" Appellants contend that the charge as given misled the jury into believing that both defendants must be found guilty or they both must

be found not guilty. " ' "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." [Cits.]' [Cit.]" *Hill v. State,* 205 Ga. App. 475, 476-477 (3) (422 SE2d 564) (1992). A complete review of the trial court's charge reveals that the trial judge adequately informed the jury that each defendant was to be considered separately. Furthermore, in the charge complained of by appellants, the jury was informed that it was authorized to find only one of the defendants guilty if the evidence so demanded. Consequently, we cannot conclude that the trial court's charge so confused the jury as to constitute reversible error.

3. Powell raises the remaining enumerations of error, one of which is that the trial court erred in charging the jury on conspiracy. " '[E]ven if conspiracy is not alleged in an indictment, a charge upon the subject is not error if the evidence tends to show a conspiracy. (Cits.)' [Cit.]" *Beal v. State,* 175 Ga. App. 234, 241 (7) (333 SE2d 103) (1985). We conclude that the evidence in this case was sufficient to warrant a charge on conspiracy.

4. Powell argues that the trial court should have charged the jury on impeachment by conviction of a crime of moral turpitude. Notwithstanding that the record does not reveal any request for such a charge, it does not appear that any witness was impeached by introduction of a certified copy of a prior conviction. Accordingly, the charge was not authorized by the evidence. See *Sultenfuss v. State,* 185 Ga. App. 47 (5) (363 SE2d 337) (1987).

5. In another enumeration of error, Powell argues that the offenses of robbery by force and kidnapping with bodily injury should have merged as a matter of fact. "Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all of the facts used to prove the other." *Solomon v. State,* 195 Ga. App. 882, 883 (2) (395 SE2d 335) (1990). The victim testified that she was grabbed by appellants outside the restaurant, forced into and through the restaurant and that she did not willingly accompany appellants. Once inside the restaurant, the robbery was effectuated. "The evidence of neither offense being necessary to prove the other, there was no merger. [Cits.]" *Solomon,* supra at 883-884.

6. Powell alleges that his trial counsel was ineffective in the following ways: (a) failing to introduce certified copies of the co-defendant's convictions, (b) failing to inform him that he was charged with kidnapping and would receive a life sentence if convicted, (c) failing to request a hearing to suppress the identification testimony of Davidson based on an impermissible one-on-one showup identification, (d) failing to file a motion to suppress the clothing seized from Powell, (e) failing to object to improper closing argument, (f) failing to

reserve objections to the court's charge and (g) failing to request a *Jackson-Denno* hearing on the voluntariness of Powell's statement made after his arrest. " 'To prove he has received ineffective assistance of counsel, "(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense." [Cits.] "Thus counsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' " [Cit.]' [Cit.]" *Spivey v. State,* 193 Ga. App. 127, 130 (3) (386 SE2d 868) (1989). " ' "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." [Cit.] As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. (Cit.)' [Cit.]" *White v. State,* 193 Ga. App. 428, 430 (2) (387 SE2d 921) (1989).

(a) Powell's trial attorney testified at the hearing on the motion for new trial that he informed Powell that he was charged with kidnapping and the possible sentence but admitted that the charges were not discussed at each meeting he had with Powell because Powell became hostile and thought that the attorney was pressuring him to plead guilty. Although Powell testified that he was not informed that he was charged with kidnapping or the possible sentence he could receive and that his trial attorney did not discuss strategy with him, " ' "[d]etermination of the witnesses' credibility is, of course, within the discretion of the trier of fact. (Cits.)" (Cit.)' [Cit.]" *Lee v. State,* 205 Ga. App. 139, 140 (421 SE2d 301) (1992).

(b) Powell's trial attorney also testified that he did not introduce certified copies of the guilty pleas entered by the co-defendants because he felt it was a better strategy to allow the co-defendants to testify in their jail clothing and admit that they had already pled guilty to the robbery charge. He also testified that his strategy, which he discussed with Powell, was to admit that Powell was one of the four participants in the scheme but to deny that Powell was one of the two who actually took the victim inside the restaurant and committed the robbery. Also, the t-shirt seized from Powell and introduced into evidence had a sailboat design on it, and neither the victim nor Davidson mentioned that the t-shirt had such a design. Consequently, the attorney did not move to suppress the identification by Davidson or the clothes seized from Powell. Similarly, Powell's trial counsel testified that he did not object to certain portions of the prosecutor's closing argument because the prosecutor's argument was not inconsistent with the defense strategy and because he found nothing improper about the argument. " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another

course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]' [Cit.]" *Spivey*, supra at 131.

(c) With respect to Powell's remaining allegations regarding the failure to reserve objections to the jury charge and the failure to request a *Jackson-Denno* hearing, we find that Powell has not shown either that the charge was erroneous or that the statement was not voluntary. " 'The burden is on the defendant to establish his claim of ineffective assistance of counsel. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.' [Cit.] The trial court's finding in this case was not clearly erroneous and therefore it must be upheld." *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992).

7. In a supplemental brief, Powell asserts a new allegation of ineffectiveness as well as an additional enumeration of error. " '[E]numerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. (Cit.)' [Cit.]" *Loyd v. State*, 202 Ga. App. 1, 2 (1c) (413 SE2d 222) (1991).

*Judgments affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED AUGUST 12, 1993 —
RECONSIDERATION DENIED SEPTEMBER 28, 1993

*Mark J. Nathan*, for appellant (case no. A93A1066).
*Kevin J. Street*, for appellant (case no. A93A1067).
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.