KENNEDY, Justice.
Rodrick Hall was convicted of trafficking in cocaine, in violation of § 13A-12-231, Ala. Code 1975. He was sentenced to 20 years in the penitentiary. The Court of Criminal Appeals affirmed. Hall v. State, 681 So.2d 645 (Ala.Crim.App.1996). We granted certiorari review in order to determine whether, for impeachment purposes, possession of cocaine with intent to distribute is a crime of moral turpitude.
At trial, Hall attempted to impeach a codefendant who was testifying against him by raising the co-defendant’s prior conviction from the State of Georgia. An argument ensued over whether it was “possession of cocaine” or “distribution of cocaine.” The trial court ruled that Hall could not impeach the witness with a prior conviction of possession of cocaine, but stated that if the prior conviction was later proved to have been a conviction for distribution of cocaine, it would reconsider its ruling.
Hall proceeded with the trial and did not further raise the issue until the State informed the trial court that it was preparing to rest its case. At that point, Hall asked that the witness be brought back to the stand so that he could ask him about the prior conviction. Hall told the trial court that he would ask the witness- specifically about the prior Georgia conviction. The trial court denied Hall’s request to have the witness brought back, but granted Hall’s request to enter into evidence the State’s certified copy of the witness’s Georgia conviction, so as to preserve any error for appeal.
The certified copy indicates that the witness had actually been convicted of two counts of possession with intent to distribute cocaine, pursuant to § 16-13-30(b), Ga.Code Ann. The trial court ruled that Hall could not impeach the witness based on a prior conviction of possession of cocaine, ruling *644 that possession of cocaine is not a crime of moral turpitude.
Possession of cocaine with the intent to distribute is a distinct statutory crime in Georgia. Alabama has no parallel statutory offense. Under Georgia law, possession of cocaine with the intent to distribute has been held to be a crime involving moral turpitude, for impeachment purposes. See Gooden v. State, 204 Ga.App. 62, 418 S.E.2d 632 (1992). In Alabama, evidence of a conviction in another state, of a crime involving moral turpitude is admissible to impeach a witness. C. Gamble, McElroy’s Alabama Evidence, § 145.01(6) (4th ed. 1991).
Alabama makes it a crime to possess a controlled substance and makes it a crime to distribute a controlled substance, §§ 13A-12-212 and 13A-12-211, Ala.Code 1975, respectively. In Alabama, evidence of a prior conviction for distributing a controlled substance is admissible for purposes of impeaching a witness. Ex parte Bankhead, 585 So.2d 112 (Ala.1991); Gholston v. State, 338 So.2d 454 (Ala.Cr.App.1976). However, evidence of a prior conviction for possession of a controlled substance may not be admissible for impeachment purposes. See discussion infra.
In comparing Georgia and Alabama law, we note that Georgia’s statute dealing with possession with the intent to distribute a controlled substance is very similar to Alabama’s statute dealing with distribution of a controlled substance:
“(b) Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance.”
§ 16-13-30(b), Ga.Code Ann.
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in Schedules I through V.”
§ 13A-12-211, Ala.Code 1975.
The Alabama statute dealing with “distribution” does not mention possession with the intent to distribute. The only notable difference in the Georgia statute from the Alabama statute is that it adds “possess with intent to distribute” to the list of actions prohibited. Based on a comparison of the two statutes, we hold that the Georgia crime of possessing cocaine with the intent to distribute falls into Alabama’s definition of a crime involving moral turpitude and that evidence of a conviction for that Georgia crime should be allowed for impeachment purposes, because we consider Georgia’s crime of possession with intent to distribute to be equivalent to the Alabama crime of distribution of a controlled substance.
“Moral turpitude” has been defined by Alabama courts as follows:
‘“Moral turpitude’ signifies an inherent quality of baseness, vileness and depravity. [The term ‘moral turpitude’ relates to something that] is immoral in itself, regardless of the fact that it is punished by law. Therefore, an offense for conviction of which a witness’ credibility is lessened must be [malum in se] and not [malum prohibitum ].”
C. Gamble, McElroy’s Alabama Evidence, § 145.01(7) (4th ed. 1991). If a conviction was for an offense involving moral turpitude, it may be shown to affect the credibility of a witness, regardless of whether the offense was a felony or a misdemeanor. Stahlman v. Griffith, 456 So.2d 287 (Ala.1984).
This Court has not determined whether mere possession of cocaine is a crime involving moral turpitude. However, in Ex parte McIntosh, 443 So.2d 1283 (Ala.1983), this Court held that possession of marijuana was not a crime involving moral turpitude. This Court stated in McIntosh:
“[W]e cannot hold that the mere possession of marijuana is a crime involving moral turpitude, even though it is classified as a felony. In so holding, we draw a distinction between possession for personal use and possession for resale to others. We cannot see how felony possession for personal use differs from misdemeanor possession for personal use as an indicium of a witness’s future trustworthiness. The legislative choice to punish subsequent personal possessory offenses, crimes mala *645 prohibita in nature, more severely than the initial possessory offense, does not, by itself, change the character of the offense' as it relates to moral turpitude. Possession for resale, however, takes on an entirely different character, one which does involve moral turpitude. Gholston v. State, [338 So.2d 454 (Ala.Cr.App.1976) ].”
“Trafficking in and encouraging others to utilize a controlled substance, such as marijuana, indicates far greater untrust-worthiness and depravity of character than personal consumption of a controlled substance. One could logically assume that, because of the illegal nature of trafficking itself, a person would likely lie and operate covertly in order to engage in such selling. On the other hand, personal consumption is likely achieved without such conduct.”
443 So.2d at 1286.
This Court decided in McIntosh that there is a difference between possessing marijuana for personal use and possessing it for resale. Applying the reasoning in McIntosh, we conclude that crimes involving cocaine may be treated the same in that respect. However, we need not address that issue here, because this case involves possession with the intent to distribute which is the same as distribution for the purposes of impeaching a witness.
The trial court erred in refusing to allow Hall to impeach the co-defendant by evidence of the prior Georgia conviction for possession of cocaine with the intent to distribute.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.