A98A0030. DAVITT v. THE STATE.
(502 SE2d 300)

JOHNSON, Judge.

David Davitt was found guilty of child molestation and aggravated child molestation for offenses committed against his friend's five-year-old sister. He appeals from the convictions entered on the jury's verdict.

1. Davitt claims the trial court erred in allowing the child's mother to bolster the child's credibility. When the prosecutor asked the mother whether her child was generally credible, the mother responded that the child "doesn't go around lying," but then volunteered examples of when the child had lied in the past. Davitt did not object to the state's question, the mother's response, or request any relief at trial. "[I]t is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. . . . [I]t is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." (Punctuation

omitted.) *Kapua v. State*, 228 Ga. App. 193, 196 (2) (491 SE2d 387) (1997). Davitt has waived this enumeration.

2. Davitt contends the trial court expressed its opinion as to what had been proved by stating in the jury's presence that the child victim was qualified to testify. See OCGA § 17-8-57. Before the victim testified, the trial court asked her if she knew the difference between telling the truth and lying. She responded affirmatively. After asking the victim a series of other questions, the court stated that "the witness is qualified to give her testimony." Davitt did not object to the court's inquiry or to the court's statement that the victim was qualified to testify. "The question of whether OCGA § 17-8-57 has been violated is not reached unless an objection or motion for mistrial is made." (Punctuation omitted.) *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996); *Waldrip v. State*, 267 Ga. 739, 751 (20) (482 SE2d 299) (1997). Davitt's failure to voice any objection at trial amounts to a waiver.

3. Davitt claims the trial court erred in failing to determine whether jurors actually heard testimony taken during a *Jackson-Denno* hearing held outside of their presence. At trial, defense counsel told the trial court that the bailiffs reported being able to hear the testimony from another room and that the jurors might also have heard the testimony. The trial court and counsel agreed that "something needs to be done about" the "paper thin" door. Trial counsel did not move for mistrial, suggest what needed to be done, or request that the court inquire into what, if anything, the jurors actually heard. Instead, he engaged in a colloquy with the trial judge and opposing counsel regarding construction of a new courthouse and then began discussing other matters.

If the trial court is not requested to take curative action, its failure to do so cannot be addressed on appeal as error. See generally *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298) (1989); *Kennedy v. State*, 207 Ga. App. 798, 799 (2) (b) (429 SE2d 167) (1993). An appellate court will not grant more relief than that actually prayed for at trial. *Reddin v. State*, 223 Ga. App. 148, 153 (6) (476 SE2d 882) (1996). Davitt's failure to request any type of relief at trial precludes reversal based on the trial court's failure to act. See *Zellner v. State*, 260 Ga. 749, 751 (3) (b) (399 SE2d 206) (1991); *Newton v. State*, 259 Ga. 853, 854 (5) (388 SE2d 698) (1990).

Moreover, the argument is without merit. Davitt is correct that there is a presumption of prejudice to the defendant *when an irregularity in the conduct of a juror is shown* and the burden is on the prosecution to prove that no harm occurred. See *Anderson v. State*, 203 Ga. App. 118, 122 (6) (416 SE2d 309) (1992). The burden of proving the absence of harm shifts to the state only after an irregularity is shown. See *McIntyre v. State*, 207 Ga. App. 129, 130 (3) (427 SE2d

99) (1993). Davitt has not shown on the record that the alleged irregularity occurred. While he has shown that the courtroom is not soundproof, he has not presented any evidence that any of the jurors actually heard the testimony. As Davitt has failed to show harm by the record, this enumeration presents no grounds for reversal. See *McBrayer v. State*, 259 Ga. 513, 514 (2) (383 SE2d 879) (1989).

4. Davitt asserts for the first time that he was denied effective assistance of counsel because trial counsel failed to: object to alleged bolstering by the victim's mother; object to the trial court's statement in the jury's presence that the child was qualified to testify; develop the record as to whether the jury overheard testimony from the *Jackson-Denno* hearing; made no opening statement; and filed no written requests to charge.

We disagree with the state that Davitt waived the ineffectiveness claim by not raising it earlier. The judgments of conviction were entered on April 10, 1997. Trial counsel filed a notice of appeal on April 16, 1997. No motion for new trial was ever filed. New appellate counsel notified this Court of his appointment in August 1997, though the record is silent as to the precise date he was appointed, and filed a motion for remand on the ineffective assistance of counsel issue in his first appearance. See generally *Herndon v. State*, 229 Ga. App. 457, 461 (12) (494 SE2d 262) (1997).

An attorney cannot reasonably be expected to assert that he was ineffective at trial. Under the circumstances presented here, we cannot say that Davitt had an adequate opportunity to raise the ineffectiveness claim before the appeal was filed. See generally *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996); *Johnson v. State*, 259 Ga. 428, 430 (3) (383 SE2d 115) (1989). An ineffectiveness claim may be raised for the first time in a direct appeal if the direct appeal marks the first appearance of new counsel. *McGlohon v. State*, 228 Ga. App. 726, 728 (3) (492 SE2d 715) (1997). The record does not show that Davitt's new appellate counsel had an opportunity to raise the issue in the trial court pursuant to a motion for new trial; it shows that new counsel made his first appearance in the appeal. Accordingly, the case must be remanded to the trial court solely for consideration of the ineffective assistance of counsel issue. Id. at 729; *Herndon*, supra; *Turner v. State*, 210 Ga. App. 328, 330 (3) (436 SE2d 66) (1993). If the trial court finds that Davitt did not receive effective assistance of counsel, a new trial is required. If the trial court finds that Davitt did have effective assistance, he shall have 30 days in which to initiate an appeal of the trial court's ruling on the issue.

*Judgments affirmed and case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 4, 1998.

*Lane & Crowe, Robert L. Crowe*, for appellant.
*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.