### A99A1781. FUGARINO v. THE STATE.
(531 SE2d 187)

ELLINGTON, Judge.

Sam Emile Fugarino was convicted by a jury of computer trespass, OCGA § 16-9-93 (b), for using a computer with the intention of deleting or removing data from that computer without authority of the computer's owner. Fugarino appeals from the trial court's order denying his motion for new trial, arguing the general grounds and that a mistrial should have been granted due to juror misconduct. We affirm.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Jackson v. State*, 236 Ga. App. 260 (511 SE2d 615) (1999).

Viewed in this light, the evidence shows that, at the time the trespass occurred, Fugarino worked as a computer programmer for a company that designed software for land surveyors. During his employment with the company Fugarino became a difficult employee. Fugarino's employer was concerned about his unusual behavior. On the day of the trespass, Fugarino was informed that another employee had been hired by the company in an unrelated technical support position, and Fugarino began to go "berserk." Fugarino became very angry and told another employee that he was upset that someone was being hired to take his place, that the code was his product, that no one else was going to work on his code, that nobody was going to take his place and that he was "going to take his code with him." This employee then observed Fugarino deleting massive amounts of files. "Pages were being highlighted and a whole system appeared to be being erased." Fugarino himself admitted that "he

was going to delete it [the code] from the machine. . . ." When this employee told the owner of the company what he had seen, the owner confronted Fugarino. Fugarino told him that the code was his, that "the blood of his dead son" was in the code and that the owner "would never get to make any money from that code." The owner managed to get Fugarino to leave the office and secured the company's computer. He then discovered that Fugarino had added additional layers of password protection to the computer's system, and he was unable to access the program code. Fugarino returned to the office later that evening and again confronted the owner stating that he "would never be able to sell that code, that he would fix it so [the owner] never sold the code." The owner was forced to have Fugarino removed by police. At trial a police investigator trained in the recovery of computer evidence testified that he examined the computer and confirmed that large amounts of data had been deleted from the system. Based on this evidence, the jury convicted Fugarino of one count of computer trespass.

1. (a) Fugarino contends the trial court erred in denying his motion for a directed verdict of acquittal on the grounds that the State failed to produce sufficient evidence to prove beyond a reasonable doubt that he actually deleted any materials from his employer's computer in violation of OCGA § 16-9-93 (b).

OCGA § 16-9-93 (b) states in pertinent part,

Any person who uses a computer or computer network with knowledge that such use is without authority and with the intention of: (1) Deleting or in any way removing, either temporarily or permanently, any computer program or data from a computer or computer network . . . shall be guilty of the crime of computer trespass.

Testimony showed that Fugarino used a computer owned by the company with the intention of deleting or removing data from that computer. The burden on the State was not to show that Fugarino had completed the act of deleting or removing data from his computer but to show that he had used a computer, knowing that he did not have the authority to do so, with the intention of deleting data. There is sufficient evidence in this case to allow a reasonable trier of fact to find that a computer trespass had occurred. *Gordon v. State*, 206 Ga. App. 450, 451-454 (2) (425 SE2d 906) (1992).

(b) Fugarino further contends that the trial court erred in denying his motion for a directed verdict of acquittal on the grounds that the State failed to produce any evidence to prove beyond a reasonable doubt that Fugarino's use of the computer at issue was knowingly "without authority" as required by OCGA § 16-9-93 (b).

The term "without authority" is defined by the legislature in OCGA § 16-9-92 (11) as "the use of a computer or computer network in a manner that exceeds any right or permission granted by the owner of the computer or computer network." The owner of the company testified that he did not give Fugarino authority or permission to delete portions of the company's program. Moreover, the vindictive and retaliatory manner in which Fugarino deleted large amounts of computer code indicates that he knew he lacked authority to do so. Therefore, there was sufficient evidence to allow a rational trier of fact to conclude beyond a reasonable doubt that Fugarino used a computer, owned by his employer, with knowledge that such use was without authority and with the intention of removing programs or data from that computer. See *Gordon v. State*, 206 Ga. App. at 451-454.

2. Fugarino argues that the trial court erred in denying his motion for a mistrial or, in the alternative, to dismiss the biased juror, based upon the statement of one juror that another juror had disclosed that he had made a decision in the case prior to hearing any evidence.

After the first day of evidence and during the evening recess, a juror left a voicemail message for the trial judge regarding comments made by another juror on the panel. The trial court immediately made this message known to the parties and questioned the juror that had left the message outside the presence of the other members. The juror testified that she overheard another juror state that he knew which way he was going to vote in the case if he were selected as a juror and commenting on Fugarino's Italian heritage. She further testified that she believed other jurors may have overheard these comments and her concern was to make sure that the accused got a fair trial. In response to the allegation made by this juror the trial court immediately conducted an individual examination of each juror outside the presence of the other jurors. The court inquired of each juror about the alleged comments, but no other juror admitted to having heard any comments like the ones described. The jurors then indicated that they could be and would be fair and impartial in this case. The trial judge then questioned the juror who was alleged to have made the statements, and he indicated that he had not made such a statement and that he would be fair and impartial in this case. At the conclusion of the questioning, the trial court determined that there was no basis for granting a mistrial and denied Fugarino's motion.

When a trial judge decides not to grant a motion for new trial he becomes the trier of fact, and his discretion in refusing the motion will not be disturbed unless manifestly abused. *Satterwhite v. State*, 235 Ga. App. 687, 690 (509 SE2d 97) (1998). The trial court thor-

oughly investigated the alleged juror misconduct in this case and determined that the jurors were capable of making a fair and impartial assessment of the evidence. Accordingly, the trial court did not abuse its discretion in this case. *Bobo v. State*, 254 Ga. 146 (327 SE2d 208) (1985).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED MARCH 14, 2000 —
RECONSIDERATION DENIED MARCH 30, 2000.

*Slater, King & Gross, Scott R. King*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.