## S01A1669. HARRIS v. THE STATE.
(560 SE2d 642)

THOMPSON, Justice.

A jury convicted defendant Lamon Harris of malice murder and he was sentenced to life in prison.[1] He moved for a new trial on the grounds of juror misconduct and ineffective assistance of counsel. The motion was denied and he appeals. We find no error and affirm.

---

[6] See *Johnson,* 271 Ga. at 382; *Beam,* 265 Ga. at 854.
[7] See *Johnson,* 271 Ga. at 382; *Beam,* 265 Ga. at 854; see generally *Peppers,* 261 Ga. at 340.
[8] See *Greene v. State,* 263 Ga. 466, 467 (435 SE2d 607) (1993).
[1] The murder occurred on March 7, 2000. Harris was indicted on April 27, 2000, and charged with malice murder, felony murder (predicated on the underlying felony of aggravated assault), and possession of a firearm by a convicted felon. Trial commenced on October 30, 2000. The jury found Harris guilty on each of the murder counts and he entered a plea of guilty on the firearm possession count. The trial court vacated the felony murder count and sentenced Harris to life in prison, plus five years concurrent. Harris filed a timely motion for a new trial which was denied on June 14, 2001. Harris' notice of appeal was filed on July 10, 2001. The case was docketed in this Court on August 9, 2001, and submitted for a decision on briefs on October 1, 2001.

1. Following a fight between Harris and the victim, Ohrohnday Diallo Wells, Harris left; then he returned with a gun. Harris approached the victim, took the gun out of his pocket, and shot the victim five times. One bullet fatally pierced the victim's heart and lungs; another lodged in his spine.

The evidence was sufficient to enable any rational trier of fact to find Harris guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During voir dire, juror Sallet did not respond when the panel was asked general voir dire questions concerning knowledge of the case. At the hearing on the motion for a new trial, Harris presented testimony tending to show that juror Sallet knew, and discussed the facts of the case before trial, visited the crime scene, and was pressured to find Harris guilty. Based on that testimony, Harris asserts the trial court erred in denying the motion for a new trial. We disagree. The new trial testimony upon which Harris relies was contradicted by juror Sallet, and two other jurors, who denied the allegations of misconduct or wrongdoing. Thus, the trial court – which was the trier of fact upon the motion for a new trial – was authorized to conclude that there was no misconduct on the part of juror Sallet, and that that juror assessed the evidence fairly and impartially. See *Fugarino v. State*, 243 Ga. App. 268, 270 (531 SE2d 187) (2000) (trial court did not abuse its discretion in denying motion for new trial based on juror misconduct where evidence of alleged misconduct is conflicting).

3. Harris asserts his trial counsel was ineffective because he withdrew a previously requested charge on voluntary manslaughter, and thereby eliminated mitigating factors from the jury's consideration. This assertion is without merit. Trial counsel testified that he withdrew the voluntary manslaughter charge because he decided to employ an "all or nothing" strategy. In this regard, counsel expressed the fear that the jury would decide to convict Harris of voluntary manslaughter in order to reach a compromise verdict. Counsel added that he did not withdraw the charge until he consulted with Harris (who did not voice an objection to the withdrawal of the charge). Counsel's decision was plainly strategic. *Barner v. State*, 263 Ga. 365, 368 (434 SE2d 484) (1993); *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360) (1993). And it cannot be said that that decision fell outside the " 'wide range of reasonable professional assistance.' " *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999), citing *Russell v. State*, 269 Ga. 511 (501 SE2d 206) (1998). It was not, therefore, constitutionally deficient.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2002.

*Kathy R. Griffin,* for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.