## A02A1998. DAVITT v. THE STATE.
(571 SE2d 427)

PHIPPS, Judge.

David Davitt was convicted of child molestation and aggravated child molestation. Although his convictions were affirmed on direct appeal, the case was remanded to the trial court for consideration of Davitt's claim of ineffective assistance of trial counsel.[1] On remand, the burden was on Davitt to show that counsel performed deficiently and that, but for the deficient performance, there was a reasonable likelihood that the outcome of the trial would have been different.[2] After conducting a hearing, the trial court ruled that Davitt did not carry this burden. Davitt appeals. We find no error and affirm.

Davitt asserts that he was denied effective assistance of counsel because trial counsel failed to: (1) object to alleged bolstering by the child's mother; (2) object to the trial court's statement in the jury's presence that the child was qualified to testify; (3) develop the record as to whether the jury overheard testimony from a *Jackson-Denno* hearing; and (4) either make an opening statement or file written requests for jury charges.

---

[1] *Davitt v. State*, 232 Ga. App. 427, 429 (4) (502 SE2d 300) (1998).

[2] *Pittman v. State*, 274 Ga. 260, 264 (5) (553 SE2d 616) (2001).

1. Even though trial counsel should have objected to a question by the prosecutor to the mother concerning her child's credibility, there is no reasonable likelihood that introduction of the mother's testimony impacted the outcome of the trial.

In his earlier appeal, Davitt claimed that the trial court erred in allowing the child's mother to bolster the child's credibility.[3] Although we held that this claim of error was waived by trial counsel's failure to object at trial, we noted that "[w]hen the prosecutor asked the mother whether her child was generally credible, the mother responded that the child 'doesn't go around lying,' but then volunteered examples of when the child had lied in the past."[4] Because this testimony was ambiguous as to whether the child's allegations against Davitt would be truthful, the mother's remarks were not so prejudicial as to have affected the verdict.[5]

2. Counsel's failure to object to the trial court's statement that the child was qualified to testify provides no basis for reversal.

Davitt also complained in his earlier appeal that the trial court, in violation of OCGA § 17-8-57, expressed its opinion as to what had been proved by stating in the jury's presence that the child was qualified to testify.[6] We held that this claim of error was also waived by trial counsel's failure to object.[7]

Because the prosecution invoked the Child Hearsay Statute[8] to introduce out-of-court statements of the victim, the court called her to the stand so that the parties could examine her.[9] Although Georgia law excepts the victim in a child molestation case from a competency challenge on the ground that she does not understand the nature of an oath,[10] and although Davitt did not otherwise challenge the child's competency,[11] the trial court conducted a hearing on her competency in the presence of the jury. During the hearing, the court briefly questioned the child concerning her general awareness of things such as the place of her residence, name of her school, and date of her birth.

---

[3] *Davitt*, supra at 427 (1).

[4] Id.

[5] Cf. *Roberson v. State*, 241 Ga. App. 226, 229 (1) (526 SE2d 428) (1999) (mother's testimony that her child lied about normal things that children lie about was ambiguous as to whether the child was truthful with respect to her allegations against the defendant and did not contribute to the verdict; Eldridge, J., concurring specially and concurring in the judgment only, but noting that mother's statement neither bolstered the credibility of the victim nor contributed to the verdict).

[6] *Davitt*, supra at 428 (2).

[7] Id.; *Paul v. State*, 272 Ga. 845, 848 (3) (537 SE2d 58) (2000), subsequently held that, even in the absence of an objection at trial, violations of OCGA § 17-8-57 will be reviewed on appeal under the plain error rule.

[8] OCGA § 24-3-16.

[9] See *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562) (1987).

[10] OCGA § 24-9-5 (b); *Sizemore v. State*, 262 Ga. 214, 217 (416 SE2d 500) (1992).

[11] See *Sizemore*, supra.

After she demonstrated that she knew the difference between telling a lie and the truth, the court stated that she was qualified to testify.

Under OCGA § 17-8-57, relied on by Davitt, "[i]t is error for any judge in any criminal case, during its progress or in [the] charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Although a trial judge certainly violates this statute by expressing his opinion as to a witness's credibility,[12] we have held that a trial court does not violate the statute simply by qualifying an expert witness in the presence of the jury.[13] It follows that the trial court's remarks in this case did not violate the statute and that the trial court would have so ruled if defense counsel had objected to its remarks at trial. And even if the jury could have interpreted the remarks as a commentary on the victim's credibility, the court later charged the jurors that it was their function to determine the credibility or believability of the witnesses and that the court had not intended, by any ruling or comment made during the progress of the trial, to express any opinion upon the credibility of the witnesses. This adequately removed any taint to which counsel might have objected.

3. Counsel's failure to perfect the record on the issue of whether the jury overheard testimony from a *Jackson-Denno* hearing was a strategic decision which has not been shown to have prejudiced the defense.

Davitt also claimed in his earlier appeal that the trial court erred in failing to determine whether jurors actually heard testimony taken during the *Jackson-Denno* hearing.[14] Although we held that Davitt waived this claim of error through trial counsel's failure to request any type of relief at trial, we noted that no juror irregularity or harm appeared because Davitt had not shown that any of the jurors actually heard the testimony.[15]

On remand, Davitt's trial counsel testified that he did not ask for any relief at trial because of his concern that questioning the jurors on the subject would prejudice them if they heard nothing. Trial strategy such as this does not equate with ineffective assistance of counsel.[16] Moreover, although Davitt was given an opportunity to do so on remand, he failed to produce evidence that any jurors actually

---

[12] See *Jones v. State*, 189 Ga. App. 232 (1) (375 SE2d 648) (1988).

[13] See *Williams v. State*, 239 Ga. App. 30, 31-32 (2) (521 SE2d 27) (1999); see generally *Gallagher v. State*, 196 Ga. App. 153, 154 (395 SE2d 358) (1990) (competency of witness determined by court); compare *Ray v. State*, 181 Ga. App. 42, 43 (3) (351 SE2d 490) (1986) (determination of voluntariness of confession ultimately for jury).

[14] *Davitt*, supra at 428 (3).

[15] Id. at 428-429.

[16] See *Powell v. State*, 210 Ga. App. 409, 413-414 (6) (b) (437 SE2d 598) (1993).

overheard matters discussed at the *Jackson-Denno* hearing. Therefore, no prejudice has been shown.

4. Finally, trial counsel testified on remand that, as a matter of trial tactics, he chose to waive his opening statement, and that he did not request any jury charges because the court's standard charge was adequate. Davitt has not shown that counsel's decisions were unreasonable.[17]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 13, 2002.

*Lane & Crowe, Robert L. Crowe*, for appellant.
*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Diane L. Dodd, Assistant District Attorneys*, for appellee.

---

[17] See generally *Harris v. State*, 274 Ga. 774, 775 (3) (560 SE2d 642) (2002).