**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 11, 2014

# In the Court of Appeals of Georgia

A14A0668. ULTRA TELECOM, INC. v. MERCHANT et al.

DILLARD, Judge.

In this civil action, Ultra Telecom, Inc. sued Salim Merchant I, Salim Merchant II, Salim Merchant III, Saddrudin Hussain, and Amazing Amusements Group, Inc. (collectively "Merchant"), alleging claims of breach of contract and tortious interference with contractual relations. Following a jury verdict and judgment in Merchant's favor, Ultra Telecom appeals, arguing that the trial court erred in granting Merchant's *Batson* challenge to one of its peremptory strikes of a prospective juror. For the reasons set forth *infra*, we affirm.

The record, in relevant part, shows that Ultra Telecom filed a complaint against Merchant, alleging claims of breach of contract and tortious interference with contractual relations, both of which were in connection with an agreement to lease

coin-operated gaming machines to convenience stores. Merchant answered, and, thereafter, the parties engaged in discovery.

The case then went to trial, and, during jury selection, counsel for Merchant asked the jury panel if anyone knew people of Asian Indian ("Indian") descent. In response, three members of the panel (Jurors 9, 14, and 17) identified themselves as being of Indian descent. At the conclusion of *voir dire*, Merchant's counsel objected that Ultra Telecom's counsel had used peremptory strikes to remove all three of these prospective jurors. Consequently, he requested that the court require Ultra Telecom's counsel to provide "nondiscriminatory reasons for the excusal of an entire ethnicity on the panel." Ultra Telecom's counsel responded that he struck prospective Jurors 9 and 17 because they were young, students, and lacked business experience. With regard to Juror 14, Ultra Telecom's counsel explained that this panel member stated that she was employed as a technical recruiter, but counsel was concerned about having too many people with technical backgrounds on the jury, and because he did not consider her technical background to be as strong as others, he did not think she would "add anything" to the jury.

The trial court then asked Merchant's counsel for a response, and he countered that in spite of opposing counsel's claim that he did not want young people or

2

students on the jury, some students who were not of Indian descent, nevertheless, were not struck. Merchant's counsel further argued that the case did not involve issues requiring technical expertise and, therefore, opposing counsel's claim that he struck Juror 14 because of her comparatively low level of technical expertise was not a persuasive justification.

Ultra Telecom's counsel, thereafter, replied that he, in fact, struck other students in addition to Jurors 9 and 17, the two students of Indian descent, and although some students remained, he used his strikes on those he believed to be the least mature. With regard to Juror 14, Ultra Telecom's counsel reiterated that he struck her because he did not want to overload the jury with individuals in technology-related fields.

Following these arguments, the trial court found that Ultra Telecom's counsel's explanation that he struck Jurors 9 and 17 because of their youth and their status as students was valid and, thus, was not improperly based on their Indian ethnicity. However, the trial court did not find counsel's explanation for striking Juror 14 to be valid under *Batson*. Consequently, the trial court granted Merchant's challenge to that particular peremptory strike and placed Juror 14, the sole remaining panel member of Indian descent, back on the jury.

The trial then commenced and concluded with the jury finding in favor of Merchant as to both of Ultra Telecom's causes of action. A few weeks later the trial court made the jury's verdict its final judgment. Subsequently, Ultra Telecom filed a motion for judgment notwithstanding the verdict (j.n.o.v.), in which it argued, *inter alia*, that the trial court erred in granting Merchant's *Batson* challenge to its peremptory strike of Juror 14. After a hearing on the matter, the trial court denied Ultra Telecom's motion. This appeal follows.

We begin by noting that in *Batson v. Kentucky*,[1] the Supreme Court of the United States held that "the State's privilege to strike individual jurors through peremptory challenges, is subject to the commands of the Equal Protection Clause."[2] Specifically, the Court ruled that the State may not "challenge potential jurors solely on account of their race . . . ."[3] A few years later, in *Edmonson v. Leesville Concrete*

---

[1] 476 U.S. 79 (106 SCt 1712, 90 LE2d 69) (1986).

[2] *Id.* at 89 (II) (B).

[3] *Id.*; *accord Willis v. State,* 201 Ga. App. 727, 728 (1) (411 SE2d 714) (1991) (noting that under *Batson*, "the discriminatory use of peremptory challenges to exclude members of the defendant's race was a denial of equal protection").

*Co.*,[4] the Court extended its decision in *Batson* to civil cases.[5] It is, of course, well established that

> [t]he evaluation of a *Batson* challenge involves a three-step process: (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent.[6]

Furthermore, in reviewing the trial court's disposition of a *Batson* motion, we must bear in mind that "the trial court's decision rests largely upon assessment of the [propenent's] state of mind and credibility; it therefore lies peculiarly within a trial judge's province."[7] Thus, the trial court's findings as to whether the opponent of the strike has met the burden of persuasion are "entitled to great deference and will be

---

[4] 500 U.S. 614 (111 SCt 2077, 114 LE2d 660) (1991).

[5] *Id.* at 630 (II) (B) ("Racial discrimination has no place in the courtroom, whether the proceeding is civil or criminal.").

[6] *Flanders v. State*, 279 Ga. 35, 37 (2) (609 SE2d 346) (2005) (punctuation omitted).

[7] *Duffie v. State*, 301 Ga. App. 607, 611 (3) (688 SE2d 389) (2009) (punctuation omitted).

affirmed unless clearly erroneous."[8] With these guiding principles in mind, we turn now to Ultra Telecom's specific claims of error.

1. Ultra Telecom contends that the trial court erred in granting Merchant's challenge to its peremptory strike of Juror 14, arguing that a prospective juror's national origin is not a proper basis for a *Batson* challenge. We disagree that granting Merchant's challenge constituted error.

The Supreme Court of the United States has held that under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution,[9] a party may not "exercise a peremptory challenge to remove a potential juror solely on the basis of the juror's gender, ethnic origin, or race."[10] And here, Merchant raised a *Batson* challenge based on the fact that Ultra Telecom used peremptory strikes to remove all three of the panel members who were of Asian Indian descent, *i.e.*, of Indian ethnicity. Ultra Telecom contends that, in actuality, Merchant's challenge was

---

[8] *Id.* (punctuation omitted); *accord Rakestrau v. State*, 278 Ga. 872, 874 (3) (608 SE2d 216) (2005).

[9] *See* U.S. Const. amend. XIV, sec. I.

[10] *United States v. Martinez-Salazar*, 528 U.S. 304, 315 (III) (120 SCt 774, 145 LE2d 792) (2000); *see Hernandez v. New York*, 500 U.S. 352, 355 (111 SCt 1859, 114 LE2d 395) (1991).

based on national origin and that such a challenge was improper because *Batson* has not been extended to peremptory strikes based on the prospective jurors' national origin.[11] But putting aside the validity of this contention,[12] or even whether national origin and ethnicity can be completely divorced from one another, the trial court in this matter understood Merchant's challenge to be based on the prospective jurors' Indian *ethnicity*. Indeed, in denying two of Merchant's three *Batson* challenges, the court found that Ultra Telecom's counsel adequately explained that those two prospective jurors were struck "based on something other than ethnicity." Accordingly, the trial court did not err in finding that Merchant raised a challenge to which *Batson* applied.[13]

2. Ultra Telecom further contends that the trial court erred by applying an improper analysis to Merchant's *Batson* challenge. Again, we disagree.

---

[11] *See Nelson v. State*, 289 Ga. App. 326, 333 (2) (a) (657 SE2d 263) (2008) ("Although the United States Supreme Court has extended its holding in *Batson* to instances where peremptory strikes are exercised solely on the basis of gender, *Batson* has not been extended to strikes based on national origin." (footnote omitted)).

[12] *See Hernandez v. Texas*, 347 U.S. 475, 479 (74 SCt 667, 98 LEd 866) (1954) ("The exclusion of otherwise eligible persons from jury service solely because of their ancestry or national origin is discrimination prohibited by the Fourteenth Amendment.").

[13] *See Martinez-Salazar*, 528 U.S. at 315 (III); *Hernandez*, 500 U.S. at 355.

Here, the threshold issue of whether Merchant established a *prima facie* case of discrimination is moot because Ultra Telecom "offered purportedly race-neutral reasons for its strikes and the trial court ruled on the ultimate issue of purposeful discrimination."[14] But even if this issue had not been rendered moot, given that Merchant demonstrated that Ultra Telecom's peremptory strikes would have resulted in the total exclusion of individuals of Indian descent from the jury, Merchant established a *prima facie* case of ethnic discrimination pursuant to *Batson*.[15] Thus, regardless, Ultra Telecom's explanations must be examined.

At step two of the *Batson* analysis, "the proponent of the strike need only articulate a facially race-neutral reason for the strike."[16] In fact, step two does not

---

[14] *Duffie*, 301 Ga. App. at 611 (3) (punctuation omitted); *see Chandler v. State*, 281 Ga. 712, 715-16 (3) (642 SE2d 646) (2007) (holding that because the trial court did not rule as to whether defendant made a prima facie showing of discrimination, but proceeded to an evaluation of the State's explanations for its strikes, the issue of a prima facie showing is moot); *Bryant v. State*, 309 Ga. App. 649, 651 (2) (710 SE2d 854) (2011) (same).

[15] *See Smith v. State*, 306 Ga. App. 301, 303 (2) (702 SE2d 211) (2010) (holding that peremptory strikes of jurors, resulting in total exclusion of that juror's race from the jury, established a prima facie case of discrimination under *Batson*); *Dixon v. State*, 303 Ga. App. 517, 523 (4) (693 SE2d 900) (2010) (same); *LeMon v. State*, 290 Ga. App. 527, 529 (1) (a) (660 SE2d 11) (2008) (same).

[16] *Toomer v. State*, 292 Ga. 49, 54 (2) (b) (734 SE2d 333) (2012).

8

"demand an explanation that is persuasive, or even plausible."[17] Rather, at this second step of the inquiry, the issue is "the facial validity of the [proponent's] explanation."[18] And unless a discriminatory intent is inherent in the proponent's explanation, "the reason offered will be deemed race neutral."[19]

Here, as noted *supra*, Ultra Telecom's counsel explained that he was concerned with having too many people with technical backgrounds on the jury, and since he did not consider Juror 14's technical background to be as strong as other members of the panel with such experience, he did not think she would "add anything" to the jury in that regard. Thus, Ultra Telecom offered a race-neutral explanation for exercising the peremptory strike.[20]

If the proponent of the strike carries its burden by providing a race-neutral explanation for the peremptory strike, as Ultra Telecom did here, the trial court must

---

[17] *Id.* (punctuation omitted).

[18] *Id.* (punctuation omitted).

[19] *Id.* (punctuation omitted).

[20] *See, e.g.*, *Flanders v. State*, 279 Ga. at 37-38 (2) (finding that prospective juror's employment as social worker was race-neutral basis for strike); *Bell v. State*, 306 Ga. App. 853, 855-58 (1) (703 SE2d 680) (2010) (holding that State's explanation that it struck prospective juror because his job was technical in nature and technical people tend to "overthink" was race-neutral).

then advance to step three of the *Batson* analysis "and decide whether the opponent of the strike has proven the proponent's discriminatory intent in light of all the circumstances that bear upon the issue of racial animosity."[21] This inquiry involves an evaluation of the credibility of the strike's proponent, "which in turn may depend on the specificity and case-relatedness of the explanation for the strike given at step two."[22] And the trial court may conclude that a vague explanation, or one that is in no way case-related, "signals an unwillingness by the proponent to provide the real reason for the strike."[23]

Citing *Williams v. State*,[24] Ultra Telecom argues that the trial court erroneously skipped step three and immediately dismissed its explanations as unpersuasive. In doing so, Ultra Telecom contends, the court improperly saddled Ultra Telecom with the burden of persuasion.[25] But this argument is belied by the record. Indeed,

---

[21] *Toomer*, 292 Ga. at 55 (2) (b) (punctuation omitted).

[22] *Id.*

[23] *Id.*

[24] 249 Ga. App. 292 (548 SE2d 63) (2001).

[25] *See id.* at 294-95 ("Where, as here, the court combines steps two and three of *Batson*, it prematurely evaluates the persuasiveness of counsel's explanations, thereby impermissibly placing the ultimate burden of persuasion upon the proponent of the strike." (punctuation omitted)).

10

following Ultra Telecom's counsel's race-neutral explanations for its peremptory strikes, the trial court, in fact, moved on to step three, specifically directing Merchant's counsel to respond to Ultra Telecom's race-neutral explanations. At that point, Merchant's counsel argued that Ultra Telecom's explanation was not persuasive in light of the fact that other prospective jurors with technical backgrounds were not removed and—more importantly—further argued that the case concerned an alleged breach of contract and interference with contractual relations and, therefore, required no technical expertise. Subsequently, the trial court provided Ultra Telecom with an additional opportunity to argue in favor of its strike before ultimately finding that it would not accept its explanation. As previously noted, this finding is entitled to great deference and "must be affirmed absent clear error."[26] And given these circumstances, we conclude that the trial court did not clearly err in granting Merchant's *Batson* challenge with respect to Juror 14.[27]

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

[26] *McKee v. State*, 277 Ga. 577, 581 (8) (591 SE2d 814) (2004).

[27] *See id.* (holding that the opponent of a strike may carry his burden of persuasion by showing that similarly situated jurors of another race were not struck); *Thomas v. State*, 299 Ga. App. 235, 236-37 (682 SE2d 325) (2009) (same); *George v. State*, 263 Ga. App. 541, 547 (2) (c) (588 SE2d 312) (2003) (same).